United States District Court
Northern District of California

DR. JAMES M. SWANSON,

        Plaintiffs,

   v.

ALZA CORPORATION,

        Defendants.

Case No.: CV 12-04579-PJH (KAW)

ORDER DENYING NON-PARTY MARCEL KINSBOURNE'S MOTION TO QUASH

(Dkt. No. 143)

       On March 16, 2014, Non-party Marcel Kinsbourne, M.D. filed a motion to quash Plaintiff Dr. James M. Swanson's subpoena. (Kinsbourne's Mot., Dkt. No. 143.)

       In accordance with Civil L.R. 7-1(b), this matter is deemed suitable for disposition without hearing.  In light of moving papers and documents submitted by the parties, and for the reasons set forth below, the Court DENIES Dr. Kinsbourne's motion to quash.

## DISCUSSION

       According to Dr. Kinsbourne, he served as Dr. Swanson's "supervisor and co-investigator in several medical research projects which resulted in several peer reviewed medical journal articles co-authored by Dr. Kinsbourne and [Dr.] Swanson." (Kinsbourne's Mot. at 3.)   It was the methodology introduced in those articles that inspired further studies by Plaintiff, which he alleges ALZA used in their inventions. *Id.*

       As a result, Dr. Kinsbourne was asked to provide a declaration in support of Plaintiff's claims. (Kinsbourne's Mot. at 3; Pl.'s Opp'n, Dkt. No. 147 at 3-4.) On April 24, 2013, Dr. Kinsbourne's signed declaration was received with his CV. (Decl. of Gerald P. Dodson in Supp. of Pl.'s Opp'n, "Dodson Decl.," Dkt. No. 149 ¶ 15.) On July 1, 2013, ALZA served a subpoena, which commanded Dr. Kinsbourne to locate and produce numerous documents, many of which are allegedly unrelated to the instant action. (*See* Kinsbourne Mot. at 3.)  Plaintiff's counsel

1  agreed to provide Dr. Kinsbourne with legal representation "for the purposes of responding to the
2  subpoena to produce documents served by ALZA on July 1, 2013." (Dodson Decl. ¶ 16.)  By
3  September 2013, Plaintiff's counsel and Dr. Kinsbourne had a falling out, and on September 16,
4  2013, Dr. Kinsbourne retained new counsel. (Dodson Decl. ¶¶ 17-19.)

5      Ultimately, Dr. Kinsbourne sought to withdraw his declaration in order to remove himself
6  from the legal dispute. (Kinsbourne's Reply, Dkt. No. 152 at 3.)  In exchange, ALZA agreed not
7  to compel compliance with its subpoena. (*See* Kinsbourne's Reply at 3; Pl.'s Opp'n t 4; Dodson
8  Decl. ¶ 20.)

9      On November 20, 2013, Plaintiff served a deposition subpoena on Dr. Kinsbourne to
10  appear on December 16, 2013. (Subpoena, Pl.'s Opp'n, Ex. A, Dkt. No. 147-1.)  The subpoena
11  also required that Dr. Kinsbourne produce "[a]ny and all correspondence between you, or your
12  representatives, and Defendant ALZA Corporation and/or counsel for ALZA Corporation
13  between September 4, 2013 and the date of your deposition." *Id.*  Plaintiff contends that Dr.
14  Kinsbourne's deposition testimony is "critical to resolution of this case in a fair and just manner"
15  because many of Dr. Kinsbourne's "insights seriously undercut ALZA's claim that it developed
16  the methods of the '129 Patent." (Pl.'s Opp'n at 3.)

17      Plaintiff also correctly states that "Dr. Kinsbourne's real complaint is with ALZA's
18  subpoena for documents served on him on July 1, 2013...." *Id.* at 4.  In both his motion and reply,
19  Dr. Kinsbourne does not allege that Plaintiff's subpoena is overbroad or unduly burdensome,
20  because it is not.  Rather, Dr. Kinsbourne appears to be upset that Plaintiff refuses to "join [him]
21  as a plaintiff in this case despite his clear contribution to the invention in question" and otherwise
22  refuses to compensate him for his time. (Kinsbourne's Reply at 2.)  Dr. Kinsbourne goes so far as
23  to claim that participating in this case in any form, without compensation, is commensurate with
24  slavery and is a constitutional violation under the Thirteenth Amendment. (Kinsbourne's Reply at
25  1-2.)  This argument is patently frivolous, and an improper basis for a motion to quash a subpoena
26  under Rule 45.

27      Additionally, Dr. Kinsbourne cites Rule 45(c)(3)(B) to support his claim that he should be
28  compensated.  As an initial matter, there is no Rule 45(c)(3)(B). (Pl.'s Mot. at 5.) The Court

assumes that Dr. Kinsbourne is referring to Rule 45(d)(3)(C)(ii), which provides for compensation for unretained expert witnesses who are providing an "opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." *See also* Fed. R. Civ. P. 45(d)(3)(B)(ii).  Dr. Kinsbourne's testimony is directly related to Plaintiff's claims that ALZA infringed on the '129 Patent, and so he is not entitled to compensation for responding to a subpoena.  Accordingly, Dr. Kinsbourne's motion to quash is denied.

## CONCLUSION

For the reasons set forth above, the Court DENIES Non-party Dr. Kinsbourne's motion to quash.  Dr. Kinsbourne is ordered to meet and confer with the parties to schedule a deposition to occur within the next 30 days, or on another mutually agreed upon date, in accordance with the federal rules.

IT IS SO ORDERED.

Dated: April 25, 2014

KANDIS A. WESTMORE
United States Magistrate Judge

3