UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. SWANSON,<br><br>    Plaintiff,<br><br>    v.<br><br>ALZA CORPORATION,<br><br>    Defendant. | Case No.  12-cv-04579-PJH   (KAW)<br><br>ORDER REGARDING JOINT DISCOVERY LETTER NO. 4<br><br>Dkt. No. 162 |

On May 2, 2014, the parties filed six joint letters addressing various discovery disputes, including Joint Letter No. 4, which pertains to whether Plaintiff sufficiently responded to ALZA's Requests for Admission. (Joint Letter No. 4, "Joint Letter," Dkt. No. 162.)

As an initial matter, it is not clear which Requests for Admission (RFA) are the subject of this dispute. (*See* Joint Letter at 3.)  The parties have formatted their Joint Letter in such a way that the Court is unable to clearly identify, let alone resolve, which responses are allegedly deficient.

Generally, to the extent that Plaintiff's responses to the RFAs incorrectly quote documents or object to terms that do not appear in the individual requests, they need to be corrected. (*See* Joint Letter at 3.)  Additionally, Plaintiff has an ongoing duty to supplement and/or correct RFAs that are not accurate. Fed. R. Civ. P. 26(e).  Further, RFAs must be answered how they are written.  Plaintiff has impermissibly answered some requests by reframing of them.  This is impermissible, and those responses must be corrected.

Plaintiff, however, has a right to respond to any request notwithstanding his objections, so long as he clearly identifies the specific objection(s) applicable to a particular request.  He cannot rely solely on a slew of general objections that precede his responses.  Also, if Plaintiff does not know the answer to the request, he must simply state that he "lacks sufficient information to admit

1   or deny the request." It is not appropriate for Plaintiff to simply serve objections and refuse to
2   answer notwithstanding those objections. To the extent that certain "responses" only contain
3   objections, Plaintiff is ordered to answer notwithstanding his objections.
4       The Court is very disappointed in the parties' apparent unwillingness to resolve any
5   discovery disputes on their own. The parties are ordered to meet and confer to narrow the scope
6   of this discovery dispute. Should the parties be unable to resolve this dispute without further court
7   intervention, they shall file another joint letter clearly identifying the remaining RFAs at issue.
8   The letter must be in the following format to ensure that the parties are addressing the same
9   requests, and are doing so in a manner that facilitates the Court's resolution of the remaining
10  disputes:

11      **A. Request for Admission No. 7**
12          [Summarize the issue and reproduce the request.]
13      <u>Defendant's Position</u>
14          [Defendant's position outlining why Plaintiff's response is deficient and
15  the relief requested.]
16      <u>Plaintiff's Position</u>
17          [Plaintiff's rationale as to why he fully responded to the request, etc.]
18      **B. Request for Admission No. 12**
19          [Summarize the issue and reproduce the request.]
20      <u>Defendant's Position</u>
21          [Defendant's position outlining why Plaintiff's response is deficient and
22  the relief requested.]
23      <u>Plaintiff's Position</u>
24          [Plaintiff's rationale as to why he fully responded to the request, etc.]
25

26      This format should be used for each dispute, and the parties should attach the propounded
27  discovery and the applicable responses as exhibits to the joint discovery letter.
28      Accordingly, the Court orders Plaintiff to supplement those responses to ALZA's Requests

1 for Admission that suffer from the general deficiencies described above within 21 days of this
2 order. As to the remaining requests, the parties are ordered to meaningfully meet and confer in
3 good faith prior to seeking any additional court intervention.
4     IT IS SO ORDERED.
5 Dated: June 18, 2014

_____
KANDIS A. WESTMORE
United States Magistrate Judge