UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. SWANSON,<br><br>    Plaintiff,<br><br>    v.<br><br>ALZA CORPORATION,<br><br>    Defendant. | Case No.  12-cv-04579-PJH   (KAW)<br><br>ORDER REGARDING JOINT DISCOVERY LETTER NO. 5<br><br>Dkt. No. 163 |

On May 2, 2014, the parties filed six joint letters addressing various discovery disputes, including Joint Letter No. 5, which pertains to whether the attorney-client and work product privileges have been waived as to Dr. Marcel Kinsbourne based on previous motion practice. (Joint Letter No. 5, "Joint Letter," Dkt. No. 163.) As a result, ALZA requests that Plaintiff supplement his responses to Requests for Production Nos. 40, 54, 58, and 63.

Upon review of the joint letter, the Court finds that this matter may be resolved without further briefing and without oral argument pursuant to Civil Local Rule 7-1(b), and finds that Plaintiff must provide limited supplementation to his responses as provided below.

**I.   DISCUSSION**

This Court previously denied Dr. Kinsbourne's motion to quash Plaintiff's subpoena and ordered him to undergo deposition. (Dkt. No. 156.)  ALZA contends that the briefing that occurred in relation to Dr. Kinsbourne's motion to quash, including drafts of Dr. Kinsbourne's declaration prepared by Plaintiff's counsel, constituted a waiver of the attorney-client and work product privileges. (Joint Letter at 1-2.)

Plaintiff argues that Dr. Kinsbourne is the holder of the attorney-client privilege, rather than Plaintiff's counsel.  (*See* Joint Letter at 5.)  The purpose of attorney-client privilege is to "to

encourage clients to make full disclosure to their attorneys." *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S. Ct. 677, 682, 66 L. Ed. 2d 584 (1981) (quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976)(internal quotations omitted)). Here, ALZA does not address Plaintiff's contention that Dr. Kinsbourne is the holder of privilege nor why it has not served its own subpoena on Dr. Kinsbourne to obtain documents that may be subject to attorney-client privilege. Instead, ALZA simply attaches the July 2013 subpoena it served on Dr. Kinsbourne, which it subsequently withdrew, along with Dr. Kinsbourne's objections and responses. (*See* Joint Letter, Exs. 1 & 2.) Nowhere does ALZA explain why it attached those exhibits, nor does ALZA cite directly to their content, except to say that Plaintiff's counsel undertook representation of Dr. Kinsbourne and served objections and responses on his behalf. (Joint Letter at 1.) ALZA similarly fails to cite to the briefs, filed in relation the motion to quash, to identify where the alleged waivers of privilege occurred. Therefore, the Court is not in a position to make a finding as to whether Dr. Kinsbourne, who was not involved in the preparation of this joint letter, has waived the attorney-client privilege.

Nonetheless, Plaintiff must produce those communications between his counsel and Dr. Kinsbourne that pre- and post-date their attorney-client relationship, because they are not privileged.

Further, the Court finds that Plaintiff and Plaintiff's counsel have only waived work product privilege as to the drafts of the Kinsbourne declaration provided in relation to the motion to quash. *See Hernandez v. Tanninen,* 604 F.3d 1095, 1100 (9th Cir. 2010)("Disclosing a privileged communication or raising a claim that requires disclosure of a protected communication results in waiver as to all other communications on the same subject.") All versions of the April 2013 Kinsbourne declaration must be produced in response to the request for production—despite some having already been produced in relation to Dr. Kinsbourne's motion to quash—to ensure that ALZA has all versions of the document.

## II.   CONCLUSION

In light of the foregoing, there is insufficient information for the Court to find a universal waiver of attorney-client privilege and attorney work product privilege as to Dr. Kinsbourne's

2

1  relationship with Plaintiff's counsel.

2       Plaintiff, however, is ordered to supplement his responses to Defendant's requests for
3  production within 21 days consistent with this order.

4       IT IS SO ORDERED.

5  Dated: June 18, 2014

                                                      KANDIS A. WESTMORE
                                                    United States Magistrate Judge