UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. SWANSON,<br><br>Plaintiff,<br><br>v.<br><br>ALZA CORPORATION,<br><br>Defendant. | Case No.  12-cv-04579-PJH   (KAW)<br><br>ORDER REGARDING JOINT DISCOVERY LETTER NO. 3<br><br>Dkt. No. 161 |

On May 2, 2014, the parties filed six joint letters addressing various discovery disputes, including Joint Letter No. 3, which pertains to whether Plaintiff is properly asserting privilege for certain documents contained in his privilege log. (Joint Letter No. 3, "Joint Letter," Dkt. No. 161.)

## I.  LEGAL STANDARD

The scope of discovery should be liberally construed to ensure full and fair resolution of disputes; however, the scope "is limited by the attorney work product doctrine and any relevant privileges, including the attorney-client privilege." *Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 237 F.R.D. 618, 621–22 (N.D.Cal.2006) (applying Federal Circuit law) (internal citations omitted).  The burden of proving that the attorney-client privilege applies rests with the party asserting it. *Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981). Rule 26(c) confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984).

A party may expressly waive the attorney-client privilege by disclosing privileged communications to third parties. *Weil*, 647 F.2d at 24.

///

## II.  DISCUSSION

### A.  Plaintiff's communications with his son

Plaintiff forwarded a string of emails between him and his attorneys to his son, Casey Swanson, who is not an attorney. Those documents were logged as LE 432, 508, and 570. (Joint Letter at 1.) Casey, however, is married to Katrina Foley, a lawyer from whom Dr. Swanson allegedly sought legal advice. The dispute is whether the forwarding of this email string constituted a waiver of the attorney-client privilege.

Generally, attorney-client privilege is waived if the privileged information is disclosed to a third party. *In re Pac. Pictures Corp.*, 679 F.3d 1121, 1127 (9th Cir. 2012). Plaintiff contends that Casey should be covered by the attorney-client privilege enjoyed by his wife, Ms. Foley. (Joint Letter at 6-7.) Plaintiff cites *OXY Res. California LLC v. Superior Court*, which provides that disclosure does not destroy privilege if made to family members or agents if that "disclosure of the communication is reasonably necessary to further the interest of the litigant." 115 Cal. App. 4th 874, 890 (2004). First, this case involves a federal question, and so California law involving privilege does not apply. Fed. R. Evid. 501. Second, Plaintiff's argument that Casey was "akin to an agent of" his wife to collect evidence is unpersuasive absent a claim that he working for his wife in some capacity. (*See* Joint Letter at 7.) Plaintiff's conclusory statement that Casey Swanson has a "clear future interest in the outcome of this litigation" is insufficient to find that he is necessary to the litigation, let alone the communication, or that he and his father can invoke the community of interest doctrine. *See id.* To the contrary, Casey Swanson was forwarded the email communications, and so was not necessary to that communication. Further, Plaintiff does not contend that the disclosure was inadvertent nor any of the other exceptions to waiver in the Federal Rules of Evidence. Fed. R. Evid. 502.

Thus, Plaintiff has waived attorney-client privilege and must produce the unredacted documents within 14 days.

### B.  Sufficiency of Privilege Log Entries

ALZA contends that Plaintiff has not met his burden of establishing privilege over 12 documents where the attorneys were not listed in the privilege log (LE 461, 478, 506, 424, 517,

576, 579) or were merely cc'ed (LE 445, 465, 485, 493, and 522). (Joint Letter at 2.)

According to the privilege log, LE 424, 461, 478, 506, 517, 576, and 579 are correspondence between Dr. Swanson and other doctors regarding advice of counsel regarding a patent application. These communications are privileged to the extent that they reveal privileged communications from counsel. *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1077 (N.D. Cal. 2002). Thus, as described in the privilege log, these communications are privileged.

Plaintiff states that he has already produced LE 461, which was logged in error. (Joint Letter at 5.) Plaintiff also states that he has produced LE 506, 579, 424, and 517. *Id.*

Plaintiff contends, however, that LE 478 and 576 are privileged, because they reflect the advice of outside patent counsel for the University of California. *Id.* at 5-6. The privilege log identifies these documents as correspondence between Dr. Swanson and V. Rajadhyaksha (LE 478) and Dr. Swanson and Mr. Moyzis (LE 576) discussing legal advice of outside patent counsel regarding a patent application. Plaintiff, however, has not identified who these individuals are or the patent at issue. Thus, the Court is unable to determine whether these documents are subject to the attorney-client privilege.

Plaintiff further contends that LE 445, 465, 485, 493, and 522 are protected attorney-client privilege because an attorney is copied on those communications. (Joint Letter at 6.) Plaintiff argues that each communication either discusses or reflects the legal advice of counsel, but provides no legal authority in support of his position. *See id.*[1] While these types of communications may be privileged, Plaintiff should identify, as ALZA requests, the attorney involved, and whether legal advice was sought or rendered, as merely cc'ing an attorney on a communication does not confer attorney-client privilege.

Accordingly, Plaintiff shall amend his privilege log within 14 days to address the above deficiencies as to LE 478, 576, 445, 465, 485, 493, and 522. If, after the production of the updated privilege log, the parties still dispute whether the documents are privileged, they are ordered to

---

[1] Plaintiff is advised that joint letters must provide legal authority for the positions presented.

further meet and confer before seeking further court intervention.

### C. Community of Interest doctrine

As an initial matter, the parties have failed to specify which documents in the privilege log are being withheld as being protected by the community of interest doctrine.

Generally, Plaintiff contends that he shares a community of interest privilege with the University of California (UC), because they have a "substantially identical interest in the outcome of this litigation, namely that UC personnel are correctly identified as inventors and their corresponding legal rights." (Joint Letter at 7.)  Plaintiff cites *In re Regents of Univ. of California*, in which the Federal Circuit found that UC and Eli Lilly held a community interest in the "[v]alid and enforceable patents on the UC inventions." 101 F.3d 1386, 1390 (Fed. Cir. 1996).  A community of interest may develop between "patent applicant or patentee and attorneys of its optionee/licensee." *Id.* at 1391.  Here, Plaintiff and UC shared a community of interest when Plaintiff filed his patent application, because he was a UC employee.

Defendant argues that Plaintiff and UC were adverse parties during the period in which they were negotiating the assignment of UC's alleged patent rights to Plaintiff. (Joint Letter at 4.) Plaintiff did not address this argument in his section of the joint letter.

Accordingly, the parties are ordered to submit further briefing in a joint letter format, including any applicable legal authority, regarding whether the negotiation of assignment of the patent rights was adverse as to terminate the community of interest from the first date of negotiation until the assignment was finalized.  Plaintiff should identify the parties involved and their respective attorneys.  This brief shall be submitted within with 21 days and shall not exceed five, double-spaced pages.

### III. CONCLUSION

In light of the foregoing, Plaintiff shall produce unredacted versions of those communications between him and his son (LE 432, 508, and 570) within 14 days of this order.

Plaintiff shall also amend his privilege log in accordance with this order and serve it on Defendant within 14 days.

Lastly, within 21 days of this order, the parties shall provide a supplemental joint letter

regarding the community of interest privilege consistent with this order.  Should the parties resolve this remaining issue without court intervention, they shall notify the court.

IT IS SO ORDERED.

Dated: June 18, 2014

_____
KANDIS A. WESTMORE
United States Magistrate Judge