UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. SWANSON,<br><br>Plaintiff,<br><br>v.<br><br>ALZA CORPORATION,<br><br>Defendant. | Case No.  12-cv-04579-PJH   (KAW)<br><br>ORDER REGARDING JOINT DISCOVERY LETTER NO. 6<br><br>Dkt. No. 164 |

On May 2, 2014, the parties filed six joint letters addressing various discovery disputes, including Joint Letter No. 6, which pertains to Defendant ALZA's Rule 45 document subpoenas to Drs. Sharon and Timothy Wigal. (Joint Letter No. 6, "Joint Letter," Dkt. No. 164.)

In April 2013, Drs. Sharon and Timothy Wigal submitted declarations in support of Plaintiff's Inventorship Contentions. (Joint Letter at 1.) In February and March 2014, ALZA served Rule 45 document subpoenas on the Drs. Wigal. (Joint Letter at 1; Exs. 1 & 2.) Plaintiff's counsel, who is representing the Drs. Wigal, served objections and responses to both subpoenas, but have not produced any documents, and have refused to do so, on the grounds that the 57 requests for production are overbroad and unduly burdensome. (Joint Letter at 4.)

Federal Rule of Civil Procedure 45(d) requires the party serving the subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Upon review of the document requests, the Court agrees with Plaintiff that several requests are overbroad and irrelevant to the instant litigation. For example, Request No. 53 seeks copies of all consulting contracts entered into by the Drs. Wigal with for-profit pharmaceutical companies. (Joint Letter, Exs. 1 & 2 at 20.) Request No. 54 seeks all documents related to actual or proposed contracts between the Drs. Wigal and any for-profit pharmaceutical

company, including all correspondence and records of payment. *Id.* Request No. 27 seeks "all documents that describe or reference any research or studies, whether proposed, ongoing, or completed, that are attributed, in whole or in part, to Dr. Sharon Wigal, Dr. Tim Wigal, or Dr. Marc Lerner (either specifically or as a member of UC's faculty)." (Joint Letter, Exs. 1 & 2 at 15.) These requests, as well as others, do not appear relevant to the instant litigation. The Court declines to review all 57 requests when it is apparent that the parties have not done so in a proper meet and confer effort.

Accordingly, ALZA's request to compel production is DENIED. The parties are ordered to meaningfully meet and confer in good faith regarding narrowing the scope and number of document requests. If the parties are truly unable to resolve this dispute without further court intervention, they may file another joint letter.

IT IS SO ORDERED.

Dated: June 18, 2014

KANDIS A. WESTMORE
United States Magistrate Judge

2