UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. SWANSON,<br><br>Plaintiff,<br><br>v.<br><br>ALZA CORPORATION,<br><br>Defendant. | Case No.  12-cv-04579-PJH   (KAW)<br><br>ORDER REGARDING 7/9/14 JOINT DISCOVERY LETTER<br><br>Dkt. No. 190 |

On July 9, 2014, the parties filed a supplemental joint letter regarding whether Plaintiff could properly withhold documents between him and the University of California under the community of interest doctrine. (7/9/14 Joint Letter, "Joint Letter," Dkt. No. 190.)

Upon review of the joint letter, the Court finds that Plaintiff did have a community of interest with the University of California, and may withhold those documents so designated in the privilege log. (Dkt. No. 190, Ex. A.)

## I.   DISCUSSION

Plaintiff James M. Swanson claims that he should be a named inventor of Concerta, an ADHD drug developed and patented by Defendant ALZA Corporation.  Plaintiff was employed by the University of California ("UC"), and one condition of his employment was his "legal obligation to assign all rights to his invention to UC, and UC's legal obligation to review those inventions." (Joint Letter at 5.)  The instant discovery dispute concerns whether the documents exchanged between Plaintiff and UC from November 11, 2011 through August 23, 2012, when Plaintiff may have been negotiating with UC for the assignment of patent rights, are privileged pursuant to the community of interest doctrine. (Joint Letter at 1, 5 n. 4.)

The community of interest privilege "applies where (1) the communication is made by

separate parties in the course of a matter of common [legal] interest; (2) the communication is designed to further that effort; and (3) the privilege has not been waived." *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. July 5, 2007) (quoting *United States v. Bergonzi*, 216 F.R.D. 487, 495-96 (N.D.Cal.2003)).

First, as a UC employee at the time of his alleged inventorship, Plaintiff and UC share a common legal interest in whether he should be a named inventor of Concerta. *See In re Regents of Univ. of California*, 101 F.3d 1386, 1390 (Fed. Cir. 1996)(community of interest exists between a licensee and UC, because they "shared the interest that UC would obtain valid and enforceable patents"). Despite Defendant's contention to the contrary, this is similar to *In re Regents*, because Dr. Swanson's employment agreement creates a legal relationship where he assigned his intellectual property rights to UC. *See id.* at 1388-89. That Plaintiff had to obtain a reassignment of rights from UC to proceed with this lawsuit does not render those negotiations adversarial or mean that Plaintiff and UC did not share a common legal interest.

Second, these communications were obviously made in anticipation of litigation to protect Plaintiff's and UC's alleged intellectual property rights and to further a legal effort and strategy, namely whether Plaintiff could pursue this litigation or if UC would have to enforce the rights Plaintiff assigned to it as a UC employee. *See Nidec Corp.*, 249 F.R.D. at 579; *see also Hewlett-Packard Co. v. Bausch & Lomb, Inc.,* 115 F.R.D. 308, 310 (N.D. Cal. April 9, 1987) (finding an "identical issues of law and of fact" based on the validity and enforceability of the same patent).

Lastly, there is no indication that the privilege has been waived by any third party.

Accordingly, Plaintiff and UC shared a community of interest, which was not disrupted by the assignment discussions, rendering the documents privileged and not subject to disclosure.

///
///
///
///
///
///

## II. CONCLUSION

In light of the foregoing, the documents exchanged between Plaintiff and UC regarding the assignment of patent rights and the instant litigation are privileged and need not be produced.

IT IS SO ORDERED.

Dated: July 18, 2014

_____
KANDIS A. WESTMORE
United States Magistrate Judge