Kurt G. Calia (kcalia@cov.com) (CA Bar No. 214300)
COVINGTON & BURLING LLP
333 Twin Dolphin Drive
Redwood Shores, CA 94065
Telephone:    650.632.4700
Facsimile:     650.632.4718

Elena DiMuzio (edimuzio@cov.com) (CA Bar No. 239953)
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
Telephone:    415.591.6000
Facsimile:     415.591.6091

George F. Pappas (gpappalopezlopezs@cov.com) (admitted *pro hac vice*)
Richard Anthony Lopez (rlopez@cov.com) (CA Bar No. 248650)
Courtney Roberts Forrest (cforrest@cov.com) (admitted *pro hac vice*)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone:    202.662.6000
Facsimile:     202.662.6291

*Attorneys for Defendant, Counterclaim Plaintiff ALZA CORPORATION*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| DR. JAMES M. SWANSON, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>ALZA CORPORATION, a corporation,<br><br>    Defendant. | Civil Case No.: 4:12-CV-04579-PJH-KAW<br><br>**ALZA'S SUPPLEMENT TO JOINT DISCOVERY LETTER NO. 8 (DKT. 208)** |

ALZA respectfully submits this brief supplement to apprise the Court of yesterday's decision by Judge Hamilton (Dkt. 212) denying Plaintiff's Motion for Leave to Amend His Inventorship and Invalidity Contentions (Dkt. 191). Judge Hamilton's decision supports ALZA's request for a protective order to limit discovery to only that which bears directly on ALZA's pending Motion for Summary Judgment (Dkt. 170), and specifically to the comparison of the Court's Claim Construction Order (Dkt. 157) and Plaintiff's Inventorship Contentions (Dkt. 115-8 through 115-11).

Hoping to circumvent the clear limits that Judge Hamilton placed on discovery at this juncture, Plaintiff argued in Joint Discovery Letter #8:

> . . . ALZA now takes the position that discovery should be limited because of [Plaintiff's] Inventorship Contentions, contentions that are not accounted for by the Patent Local Rules.
>
> It is quite clear that there is *no Patent Local Rule that requires Dr. Swanson to serve Inventorship Contentions* that are "similar to infringement contentions," thus the rationale behind the Patent Local Rule (e.g. fixing a party's position early in the case) does not apply. *As much as ALZA would like to put blinders on and only focus on Dr. Swanson's Inventorship Contentions and limit discovery to those contentions, this argument does not hold water.* What is more, it is clear from ALZA's reasoning for its request that Dr. Swanson be required to prepare and produce Inventorship Contentions that ALZA never intended Dr. Swanson's Inventorship Contentions to serve as the sole basis for his claim of inventorship.

(Dkt. 208 at 7-8 (emphases added).) Plaintiff is wrong. Judge Hamilton ruled that he *is* limited to the allegations set forth in his Inventorship Contentions in this case.

Hoping to avoid summary judgment, Plaintiff on July 11, 2014 moved for leave to amend his Inventorship Contentions and his Invalidity Contentions. (Dkt. 191.) In so doing, Plaintiff advanced the *same* arguments he makes in opposing ALZA's requested protective order—namely, that (a) the Scheduling Order in this case would *not* require him to be bound by his original contentions (Dkt. 191 at 6; Dkt. 198 at 4-7); and (b) the Patent Local Rules do not even require any party to prepare and serve Inventorship Contentions (and thus he should not be bound by them).[1] (Dkt. 198 at 5.)

---

[1] It is, of course, irrelevant that the Patent Local Rules do not require inventorship contentions, as Judge Hamilton ordered Plaintiff to serve inventorship contentions that "mirror the disclosures required by the Local Patent Rules…." (Dkt. 67 at n. 2.)

Judge Hamilton disagreed with Plaintiff, indicating that her Claim Constructor Order did not permit Plaintiff to amend anything.[2]  During argument, Plaintiff's counsel repeatedly attempted to justify his proposed amendments by urging that the original Inventorship Contentions were never intended to be the final word, and that he should be free to make additional arguments *and seek discovery* about Plaintiff's alleged inventive contributions to ALZA's Patents beyond those which were originally specified in his April 2013 contentions.  Judge Hamilton rejected this argument, and she denied Plaintiff's Motion.  (Dkt. 212.)

Judge Hamilton's decision cannot be reconciled with Plaintiff's stated refusal to limit discovery to the scope of his Inventorship Comparisons (Dkt. 208 at 2) and his attempt to obtain discovery on "any material fact" Plaintiff deems relevant to inventorship (Dkt. 208 at 6), irrespective of whether Plaintiff actually identified such facts in his Inventorship Contentions as the Court required him to do more than a year ago.[3]  (Dkt. 67 at n. 2 (requiring Plaintiff to identify "*all evidentiary bases* for his inventorship contentions." (emphasis added).).)  Under the law in this District, a party "is bound by its contentions" and the assertions it made in those contentions, and such contentions can establish the absence of a triable issue of fact.  *LG Elecs., Inc. v. Hitachi, Ltd.*, 655 F. Supp. 2d 1036, 1044 (N.D. Cal. 2009).  Yesterday, Judge Hamilton made clear that Plaintiff's Inventorship Contentions are no different.  It would make no sense to limit Plaintiff's allegations to his original contentions (as Judge Hamilton ruled), while allowing him to seek discovery beyond the scope of those contentions.

ALZA respectfully submits that this Court should likewise deny Plaintiff the ability to engage in discovery divorced from what he *actually claimed* to have invented more than two decades ago as described in his Inventorship Contentions.  Accordingly, ALZA requests that the Court grant its request for a protective order (Dkt. 208.)

---

[2] ALZA will provide the Court with a transcript of yesterday's proceedings once it is received.

[3] Notably, Plaintiff does not dispute that only Dr. Suneel Gupta is expressly called out in his Inventorship Contentions.  (Dkt. 208 at 6-9.)  He simply argues that he is not bound by those contentions, and that discovery is thus not limited to them.  *Id.*

Dated: September 4, 2014     COVINGTON & BURLING LLP

By:     /s/ *Kurt G. Calia*
Kurt G. Calia (CA Bar No. 214300)
COVINGTON & BURLING LLP
333 Twin Dolphin Dr., Ste. 700
Redwood Shores, CA 94065
Telephone     (650)632-4700
Facsimile:     (650)632-4800
Email: kcalia@cov.com

Elena DiMuzio (CA Bar No. 239953)
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
Telephone:    (415)591-6000
Facsimile:     (415)591-6091

George F. Pappas (admitted *pro hac vice*)
Richard Anthony Lopez (CA Bar No. 248650)
Courtney Roberts Forrest (admitted *pro hac vice*)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone:    (202)662-6000
Facsimile:     (202)662-6291

*Attorneys for Defendant ALZA CORPORATION*