United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DR. JAMES M. SWANSON,

    Plaintiff,

    v.

ALZA CORPORATION,

    Defendant.

_____/

No. C 12-4579 PJH

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND INVENTORSHIP AND INVALIDITY CONTENTIONS**

    The motion of plaintiff Dr. James M. Swanson for leave to amend his inventorship and invalidity contentions came on for hearing before this court on September 3, 2014. Dr. Swanson appeared by his counsel Robert Yorio and Michael Adelsheim, and defendant ALZA Corporation ("ALZA") appeared by its counsel George Pappas and Kurt Calia. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court DENIES the motion as follows and for the reasons stated at the hearing.

**BACKGROUND**

    In the April 25, 2014, Order Construing Claims, the court construed the term "[in a manner that achieves] a substantially ascending methylphenidate plasma drug concentration over a period of about [x] hours following said administration" as meaning

"a profile in which the plasma concentration of methylphenidate generally rises over approximately [x] hours." See April 25, 2014, Order at 13-17, 29.

Dr. Swanson had proposed that the term be construed as "an effect time profile similar to three doses of immediate release methylphenidate given approximately every 4 hours for approximately 12 hours per day." ALZA had proposed that the term be construed as "a substantially ascending methylphenidate plasma drug concentration over a period of approximately [x] hours, but may include a slight dip."

The construction adopted by the court generally followed ALZA's proposed construction, except that it substituted "generally rises" in place of ALZA's proposed "substantially ascending" (which simply replicated the words of the claim term); and omitted the proposed limitation "may include a slight dip," which ALZA argued it had inserted based on a portion of the specification. The court found "no support in the claim language for adding the limitation 'can include a slight dip,'" and furthermore, concluded that "substantially ascending" meant that the plasma drug concentration would "substantially" or "generally" or "approximately" rise, but might also briefly descend (though it would not necessarily do so). See April 25, 2014 Order at 13-15.

Now Dr. Swanson seeks leave to amend his inventorship contentions and his invalidity contentions. He argues that because the construction determined by the court was not advocated by either party, he should be permitted leave to amend. He contends that he was been diligent in seeking leave to amend because he had no reason to know of the need for amendment until April 25, 2014.

**DISCUSSION**

A.   Legal Standard

The Patent Local Rules provide that a party may supplement or amend its invalidity or infringement contentions only by order of the court "upon a timely showing of good cause." Patent L.R. 3-6.

> Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include:

  (a) A claim construction order by the Court different from that proposed by the party seeking amendment;

  (b) Recent discovery of material, prior art despite earlier diligent search; and

  (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

Pat. L.R. 3-6.

  The local patent rules in the Northern District of California require the parties in patent cases to "provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery. The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." Golden Hour Data Sys., Inc. v. Health Servs. Integration, Inc., 2008 WL 2622794, at *2 (N.D. Cal. Jul.1, 2008) (citing O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1366 (Fed. Cir. 2006)). Whether good cause has been established is within the sound discretion of the trial court. See Vasudevan Software, Inc. v. International Bus. Machines Corp., 2011 WL 940263, at * 1 (N.D. Cal. Feb. 18, 2011). While there is no similar rule regarding inventorship contentions – as inventorship is not generally at issue in a patent infringement action – the court assumes a similar standard applies.

B. Plaintiff's Motion

  Dr. Swanson argues that the construction adopted by the court was not advocated by either party, and that he should therefore be permitted to amend his inventorship and invalidity contentions. He asserts that prior to the April 25, 2014 order, he was "up against ALZA's overly narrow interpretation of its claimed drug plasma concentration as including 'a slight dip,'" and that the court's construction is significant because it acknowledges the inherent variability of plasma drug concentrations without limiting such variability to "a slight dip."

  Dr. Swanson contends that he acted diligently in seeking leave to amend, because he was unaware prior to the April 25, 2014 claim construction order that amendment would

3

be necessary. He filed the present motion on July 11, 2014, and argues that a delay of only 2 1/2 months is not unreasonable.

Dr. Swanson also asserts that ALZA will not be prejudiced if the court permits the requested amendments, as ALZA anticipated in the March 21, 2013 case management conference statement that he would seek to amend the inventorship contentions, and indicated that he should be permitted to do so upon a timely showing of good cause.

The court finds that the motion must be DENIED, as it is neither timely nor supported by good cause. With regard to timeliness, Dr. Swanson's argument is based on the premise that the court construed the disputed term in a way that was not proposed by either side, and that the operative date for determining diligence should therefore be April 25, 2014, the date of the claim construction order. However, apart from deleting the "slight dip" limitation from ALZA's proposed construction, the court did not significantly modify that construction.

Further, as the order makes clear, in construing the term, the court decided against including the "may include a slight dip" limitation because there was no support for that specific limitation in the claim language. Contrary to what Dr. Swanson seems to be suggesting, the omission of the "may include a slight dip" limitation was not intended as a comment on whether there can be or should be or might be a slight dip in the course of the "substantially ascending . . . plasma drug concentration." The order explains that "in the context of the claim language, the use of 'substantially' indicates that the plasma concentration generally rises, but that the rise is not necessarily uniform, and that some variation is permitted." April 25, 2014 Order at 14. "To account for this inherent variability, the plasma curve is described as 'substantially' ascending." Id.

The court finds that the operative date for determining diligence is the date that ALZA served its proposed constructions – September 2013. The court finds further that such a considerable delay does not reflect diligence in seeking leave to amend.

With regard to good cause, Dr. Swanson's argument is again that the court construed the term in a way not proposed by either side. However, as stated above, the court's construction did not differ substantially from ALZA's proposed construction. The fact that

4

ALZA wanted to insert an additional limitation does not mean that without that limitation the court's construction is markedly different from ALZA's.

## CONCLUSION

In accordance with the foregoing, plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

Dated: September 9, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge